UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| TAM TRAN, | CASE NO. 3:23-CV-5149-BHS |
| Plaintiff, | REPORT AND RECOMMENDATION |
| v. | Noting Date: March 24, 2023 |
| UNITED STATES DEPARTMENT OF JUSTICE, | |
| Defendant. | |

The District Court has referred Plaintiff Tam Tran's pending Application to Proceed *In Forma Pauperis* ("IFP") and proposed complaint to United States Magistrate Judge David W. Christel pursuant to Amended General Order 11-22. On February 24, 2023, Tran filed a proposed civil complaint and an application to proceed *in forma pauperis* ("IFP"), that is, without paying the filing fee for a civil case. *See* Dkts. 1; 1-1.

In determining whether IFP should be granted in this case, the Court has reviewed the proposed complaint and finds Tran has failed to state a claim upon which relief can be granted. The Court also finds leave to amend is not warranted. Therefore, the Court recommends this case be dismissed with prejudice and the Application to Proceed IFP (Dkt. 1) be denied.

1  **Review of the Proposed Complaint.** The Court has carefully reviewed the proposed

2  complaint in this matter. Because Tran filed this complaint *pro se*, the Court has construed the

3  pleadings liberally and has afforded Tran the benefit of any doubt. *See Karim-Panahi v. Los Angeles*

4  *Police Dep't*, 839 F.2d 621, 623 (9th Cir.1988).

5  In his proposed complaint, Tran names the United States Department of Justice ("DOJ") as the

6  sole defendant. Dkt. 1-1. The proposed complaint alleges Judge Hagensen violated Title VI of the Civil

7  Rights Act of 1964 and the DOJ did not investigate the prosecutor and protected Judge Hagensen. *Id.*

8  **Sua Sponte Dismissal.** The district court may permit indigent litigants to proceed IFP upon

9  completion of a proper affidavit of indigency. *See* 28 U.S.C. § 1915(a). However, the Court must

10  subject each civil action commenced pursuant to 28 U.S.C. § 1915(a) to mandatory screening and order

11  the *sua sponte* dismissal of any case that is "frivolous or malicious," "fails to state a claim on which

12  relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief."

13  28 U.S.C. § 1915(e)(2)(B); *see also Calhoun v. Stahl*, 254 F.3d 845, 845 (9th Cir. 2001) ("[T]he

14  provisions of 28 U.S.C. § 1915(e)(2)(B) are not limited to prisoners."); *Lopez v. Smith*, 203 F.3d 1122,

15  1126–27 (9th Cir. 2000) (en banc) (noting that 28 U.S.C. § 1915(e) "not only permits but requires" the

16  court to *sua sponte* dismiss an IFP complaint that fails to state a claim). An IFP complaint is frivolous if

17  "it ha[s] no arguable substance in law or fact." *Tripati v. First Nat'l Bank & Trust*, 821 F.2d 1368, 1369

18  (9th Cir. 1987) (citing *Rizzo v. Dawson*, 778 F.2d 527, 529 (9th Cir. 1985); *see also Franklin v.*

19  *Murphy*, 745 F.2d 1221, 1228 (9th Cir. 1984).

20  Furthermore, a federal court may dismiss a case *sua sponte* pursuant to Fed. R. Civ. P. 12 (b)(6)

21  when it is clear that the plaintiff has not stated a claim upon which relief maybe granted. *See Omar v.*

22  *Sea-Land Serv., Inc.*, 813 F.2d 986, 991 (9th Cir.1987) ("A trial court may dismiss a claim sua sponte

23  under Fed. R. Civ. P. 12 (b)(6). Such a dismissal may be made without notice where the claimant

24

1  cannot possibly win relief."); *see also Mallard v. United States Dist. Court*, 490 U.S. 296, 307-08

2  (1989) (noting there is little doubt a federal court would have the power to dismiss a frivolous

3  complaint *sua sponte*, even in absence of an express statutory provision).

4       Tran names the DOJ as the sole defendant in this case in this § 1983 action. Dkt. 1-1. The DOJ

5  cannot be sued under § 1983. *Jachetta v. United States*, 653 F.3d 898, 908 (9th Cir. 2011) ("We find no

6  evidence in either [42 U.S.C. §§ 1983 or 1985] that Congress intended to subject federal agencies to §

7  1983 and § 1985 liability. To the contrary, §§ 1983 and 1985 impose liability upon a 'person,' and

8  a federal agency is not a 'person' within the meaning of these provisions."). Furthermore, Tran cannot

9  maintain a *Bivens* action against the DOJ. *Teplitsky v. Dep't of Justice*, 127 F.3d 1106 (9th Cir. 1997)

10  ("A Bivens action cannot be maintained against a federal agency.").

11       Moreover, "[t]he United States, including its agencies and employees, can be sued only to the

12  extent that it has expressly waived its sovereign immunity." *Kaiser v. Blue Cross of Cal.*, 347 F.3d

13  1107, 1117 (9th Cir. 2003) (citing *United States v. Testan*, 424 U.S. 392, 399 (1976)). "The party who

14  sues the United States bears the burden of pointing to ... an unequivocal waiver of

15  immunity." *Holloman v. Watt*, 708 F.2d 1399, 1401 (9th Cir. 1983). Tran has not shown any waiver of

16  immunity by the United States that would allow him to sue the DOJ for these claims.

17       For these reasons, the proposed complaint should be dismissed.

18       **Leave to Amend.** Unless it is absolutely clear that no amendment can cure the defect, a *pro se*

19  litigant is entitled to notice of the complaint's deficiencies and an opportunity to amend prior to

20  dismissal of the action. *See Lucas v. Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir. 1995).

21       In this case, any attempt by Tran to amend the proposed complaint would be futile. As such,

22  the Court finds Tran should not be afforded leave to amend his proposed complaint.

23

24

1    **Decision on Application to Proceed IFP.** A district court may deny leave to proceed IFP at

2    the outset if it appears from the face of the proposed complaint that the action is frivolous or without

3    merit. *Minetti v. Port of Seattle*, 152 F.3d 1113 (9th Cir. 1998); *Tripati v. First Nat'l Bank & Trust*, 821

4    F. 2d 1368, 1370 (9th Cir. 1987). The proposed complaint is frivolous and entirely without merit.

5    Based upon the above analysis of the deficiencies in the proposed complaint, the Court recommends

6    Tran's Application to Proceed IFP (Dkt. 1) be denied.

7    **IFP on Appeal.** In the event that Tran appeals any order entered in this case and/or appeals

8    dismissal of this case, IFP status should be denied by this Court, without prejudice to Tran to file with

9    the Ninth Circuit U.S. Court of Appeals an application to proceed IFP.

10    **Conclusion.** For the above stated reasons, the undersigned recommends Tran's Application to

11    Proceed IFP (Dkt. 1) be denied, this case be dismissed with prejudice, and any IFP status on appeal be

12    denied without prejudice to Tran to file with the Ninth Circuit U.S. Court of Appeals an application to

13    proceed IFP.

14    Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have fourteen (14)

15    days from service of this report to file written objections. *See also* Fed. R. Civ. P. 6. Failure to file

16    objections will result in a waiver of those objections for purposes of *de novo* review by the district

17    judge, *see* 28 U.S.C. § 636(b)(1)(C), and can result in a waiver of those objections for purposes of

18    appeal. *See Thomas v. Arn*, 474 U.S. 140, 142 (1985); *Miranda v. Anchondo*, 684 F.3d 844, 848 (9th

19    Cir. 2012) (citations omitted). Accommodating the time limit imposed by Fed. R. Civ. P. 72(b), the

20    Clerk is directed to set the matter for consideration on March 24, 2023, as noted in the caption

21    Dated this 9th day of March, 2023.

22

23    _____

24    David W. Christel
      Chief United States Magistrate Judge

REPORT AND RECOMMENDATION - 4